Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Craig A. Crispin, OSB No. 824852
crispin@employmentlaw-nw.com
**CRISPIN MARTON CAMBRELENG**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770

*Of Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| **MARIE TYVOLL,** | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **CITY OF PORTLAND,** a municipal corporation; **JUSTIN D. DAMERVILLE**, an individual; and **JOHN DOE,** unknown individual, | (Violations of Civil Rights 42 U.S.C. § 1983; Intentional Infliction of Emotional Distress; Battery and Assault; Attorney Fees) |
| Defendants. | **JURY TRIAL REQUESTED** |

Page 1 – **COMPLAINT**                              **CRISPIN MARTON CAMBRELENG**
                                                                        1834 SW 58th Avenue, Suite 200
                                                                        Portland, Oregon 97221
                                                                        Telephone: 503-293-5770

## NATURE OF ACTION

1.

This is a Civil Rights and State Tort action brought by Plaintiff Marie Tyvoll (Tyvoll) pursuant to 42 U.S.C. § 1983 and ORS 30.265. On September 28, 2020, Tyvoll was in Kenton Park where demonstrators were peacefully gathering in support of the Black Lives Matter movement. Tyvoll is a nonviolent protester, who manages a medical tent that regularly provides aid to other protestors, medics, press, and houseless individuals by offering free first aid supplies, personal protective equipment (PPE), food, and water. That evening, while she was preparing her supplies in the staging area, Tyvoll filmed multiple Portland police officers surround a nonviolent protestor carrying a sign that read, "Vote Register Here" and forcibly attempt to remove his sign from his person. Tyvoll was lawfully filming the interaction with her cell phone when without provocation and for no legal reason, Portland Police Officers Justin D. Damerville and John Doe tried to confiscate her phone and used unlawful, excessive force against Tyvoll by violently pushing her backwards to prevent her filming, and Damerville spraying her at close range with aerosol pepper spray. The entire incident was video recorded by multiple protesters and press. Tyvoll suffered physical and emotional injuries.

2.

The acts and omissions of defendants violated plaintiff's rights under the First and Fourth Amendments to the United States Constitution.

3.

Plaintiff also brings claims for violation of state law for Assault and Battery and Intentional Infliction of Emotional Distress, all pursuant to the court's supplemental jurisdiction.

4.

Plaintiff seeks to recover her economic damages, noneconomic damages, attorney fees and litigation expenses/costs from defendants.  Plaintiff also seeks an assessment of punitive damages against the individual defendants under federal law.

**JURISDICTION AND VENUE**

5.

This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 1343, and 1397.

6.

The court has jurisdiction over plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

7.

The events described herein are alleged to have been committed in the District of Oregon, Portland Division.

**PARTIES**

8.

Plaintiff **MARIE TYVOLL** is an individual resident and citizen of the State of Oregon, County of Multnomah.

9.

Defendant **CITY OF PORTLAND** is a municipal corporation in the State of Oregon. As a local governmental entity, the City of Portland is a person for purposes of 42 U.S.C. § 1983. At all material times, the City of Portland employed defendants Justin Damerville and John Doe. At all material times, defendants Damerville and John Doe were acting pursuant to the City of Portland's laws, customs, and/or policies. Pursuant to ORS 30.285(1), the city must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action by plaintiff. On information and belief, the decision to indiscriminately use force against plaintiff was made at a sufficiently high level as to be a policy decision of the City of Portland.

10.

Defendant **JUSTIN D. DAMERVILLE** is a Portland Police Officer who at all material times was employed by defendant City of Portland and was acting under color of state law and within the course and scope of his employment.

11.

Defendant **JOHN DOE** is an unidentified member of the Portland Police Bureau, who was involved along with Damerville in the incident forming the basis of plaintiff's claims herein. He was working within the course and scope of his employment and acted as alleged herein under color of state law. Plaintiff does not know John Doe by his true name and therefore sues him under a fictitious one.

### GENERAL ALLEGATIONS

12.

The murder of George Floyd at the hands of a Minneapolis Police Officer engendered widespread demonstrations in support of the Black Lives Matter (BLM) movement and against

police violence disproportionately directed at Black, Indigenous, and community members of Color. While this is a national movement, it is extremely relevant in Portland, as data show Portland Police Bureau's (PPB) use of force, traffic stops, searches, seizures and arrests are disproportionately directed toward Black and other community members of color.

13.

In response to the protests that occurred, and continue to occur, in Portland, Oregon, PPB has employed increasingly heavy-handed and brutal crowd control tactics, including acts that serve no legitimate policing purpose and violate the Constitutional rights of persons simply exercising their right to free speech and nonviolent protest.

14.

On the evening of September 28, 2020, around 9:00 pm, an unknown number of PPB police officers, comprised of mostly Rapid Response Team members in full tactical gear, entered Kenton Park where protesters were gathering in preparation for a march in support of the BLM movement. At that time, Tyvoll was staging her medical tent and handing out supplies near the entrance to the park. Tyvoll, who is a regular presence at the Portland protests, was also speaking with other protestors when officers stormed into the park. She was dressed in jeans, a tee-shirt, and a zipper sweater. The only protective gear on her person was a COVID-19 mask and her reading glasses.

15.

At approximately 9:14 pm, Tyvoll began filming PPB police officers chasing protestors across the park. Tyvoll noticed a protestor holding a "Vote Register Here" sign was surrounded by Portland police officers who were trying to forcibly remove the protestor's sign. She, along with many other protestors, filmed the interaction. The protesters, including Tyvoll, were in a

public place doing nothing wrong. No riot or illegal gathering of any kind had been declared by the police, nor could it legally have been.

16.

As Tyvoll positioned herself to film the interaction on her mobile phone, she was approached by defendants Damerville and John Doe, who were dressed in full tactical gear. Damerville had his helmet open and was not wearing a mask. His face, including his mustache and goatee, was readily visible. Defendant John Doe was also wearing tactical gear but had his helmet closed. Damerville and John Doe yelled at the group of protesters to step back. Damerville and Doe proceeded to shove Tyvoll away from the scene, while yelling "back up," and swatted at her phone. As Tyvoll moved back she continued to film the interaction, which enraged Damerville. At least three officers, including Damerville and Doe, surrounded Tyvoll and tried to isolate her from other protestors. Damerville swatted at Tyvoll's phone a second time and John Doe tried to grab Tyvoll's phone. Tyvoll continued to film. Damerville, who was carrying a red and white aerosol spray can containing a substance believed to be tactical pepper spray, then sprayed Tyvoll's face, head, and eyes at an extremely close range for roughly one to three seconds. Defendant Doe continued to point a flashlight directly into Tyvoll's face, while she continued to film the assault on the protestor carrying the "Vote Register Here" sign. She was treated on the scene for her injuries.

17.

The entire incident was video recorded by Tyvoll, a number of onlooking fellow demonstrators, and members of the press.

18.

On information and belief, the individual police officers were carrying out policy

decisions and orders from PPB's chain of command, policies and procedures made and undertaken in deliberate violation of Tyvoll's constitutional rights.

### DAMAGES ALLEGATIONS

19.

As a result of the actions alleged herein, plaintiff has and will continue to suffer economic damages. Plaintiff is entitled to recover from defendants such lost wages of employment and other economic losses, including reasonable follow up medical care, incurred as a result of defendants' actions, in such amount as may be established at trial.

20.

As a further result of defendants' actions alleged herein, plaintiff has suffered and is entitled to recover for her noneconomic damages for pain and suffering, humiliation, embarrassment, and reaction to the excessive force, in an amount found to be appropriate by a jury based on the evidence presented at trial.

21.

Plaintiff is entitled to an assessment of punitive damages against Damerville and Doe in amounts to be determined at trial.

22.

Plaintiff is entitled to recover her reasonable attorney's fees, and other litigation costs of the action pursuant to 42 U.S.C. § 1988(b).

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – 4th Amendment Violation - Individual Liability)

23.

Plaintiff incorporates paragraphs 1 through 22 as though fully set forth herein.

24.

It is clearly established law that an officer may not use force that, in light of the circumstances and as perceivable by a reasonable, objective officer, is excessive and unnecessary.

25.

In taking the actions described above, including but not limited to Damerville and John Doe battering Tyvoll while she was lawfully filming an incident, by shoving Tyvoll's body to prevent her from filming, and by spraying Tyvoll with a pepper spray aerosol at extremely close range to prevent her from filming the protest, Damerville and John Doe intentionally violated Tyvoll's right to be free from excessive force guaranteed by the Fourth Amendment of the Constitution.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - First Amendment Violation - Free Speech and Assembly – Individual Liability)

26.

Plaintiff incorporates paragraphs 1 through 22, 24, and 25, as though fully set forth herein.

27.

As described herein above, Damerville and John Doe violated Tyvoll's rights to free speech and peaceful protest. On information and belief, the conduct of the individual officers was in conformance with policy and orders dictated that evening by the Portland police department and subsequently ratified by their superiors in violation of the First Amendment to

the United States Constitution

28.

Defendant City of Portland, its Portland Police Bureau, its officials, and the individual defendants were deliberately indifferent to Tyvoll's rights, and their actions caused or contributed to the cause of her injuries and the violation of the First Amendment to the United States Constitution.

29.

The actions of Defendants Damerville and John Doe were malicious, deliberate, intentional, and embarked upon with the knowledge of, or conscious disregard of, the harm that would be inflicted upon Tyvoll. As a result of such intentional conduct, Tyvoll is entitled to an assessment of punitive damages against Defendants Damerville and John Doe, in their individual capacities, in an amount sufficient to punish them and to deter them and others from like conduct.

**THIRD CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 - First and Fourth Amendments Violations – *Monell* Liability)**

30.

Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

31.

The individual defendants' conduct is illustrative of a patterns and practice of PPB officers violating the First and Fourth Amendment rights of individuals engaging in protests in Portland.

32.

Defendant City of Portland does not have adequate supervisory review of incidents where

officers use force that would correct patterns of excessive force in a timely fashion, and rarely categorizes excessive force as out-of-policy even when the force is clearly excessive. The individual defendants have received no training or discipline for violating the United States Constitution. Defendant City of Portland has effectively condoned this practice by repeatedly failing to correct it.

33.

By maintaining a pattern and practice of violating protesters' First and Fourth Amendment rights, Defendant City of Portland has injured Tyvoll as alleged herein.

**FOURTH CLAIM FOR RELIEF**
**(Intentional Infliction of Emotional Distress)**

34.

Plaintiffs incorporates paragraphs 1 through 20 as though set forth fully herein.

35.

Defendant Damerville's actions in interfering with and attempting to prevent Tyvoll from lawfully filming a protest, swatting at her phone on multiple occasions, shoving her person in an effort to prevent her from filming, and spraying her with an aerosol pepper spray at extremely close range were committed deliberately and intentionally to cause Plaintiff severe emotional distress or were undertaken with reckless disregard that Plaintiff would suffer severe emotional distress.

36.

Defendant Damerville knew, or should have known, that Plaintiff would suffer severe emotional distress, mental anguish, fear, humiliation, and public embarrassment and that such distress was substantially certain to result from his conduct.

PAGE 10 –COMPLAINT

Crispin Marton Cambreleng
1845 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

37.

As a result of Damerville's actions, Tyvoll suffered severe emotional distress that was substantial and enduring.

38.

Damerville's actions were an extraordinary transgression of the bounds of socially tolerable behavior.

### FIFTH CLAIM FOR RELIEF
### (Assault and Battery)

39.

Plaintiff incorporates paragraphs 1 through 20 as though set forth fully herein.

40.

Through the actions of its agents, Damerville and John Doe, Defendant City of Portland is vicariously liable for the actions of the individually named defendants.

41.

Defendant Damerville intended to cause harmful or offensive contact with Tyvoll.

42.

Defendant Damerville's actions directly caused a harmful or offensive contact with Tyvoll.

43.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered physical and emotional injury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Assume jurisdiction over Plaintiff's claims,

2. Award economic damages against the defendants as alleged herein,

3. Award noneconomic damages against the defendants as alleged herein,

4. Assess punitive damages against the individual defendants Damerville and John Doe as alleged herein,

5. Award plaintiff her reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988, and

6. Award such other relief in favor of plaintiff the Court deems just and equitable.

Dated this 30th day of October, 2020.

      s/ Ashley A. Marton
Ashley A. Marton, OSB No. 171584
Rebecca Cambreleng, OSB No. 133209
Craig A. Crispin, OSB No. 824852
Of Attorneys for Plaintiff