IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARIE TYVOLL**,<br><br>    Plaintiff,<br><br>  v.<br><br>**CITY OF PORTLAND**, a municipal corporation, and **JUSTIN D. DAMERVILLE**, an individual, and **JOHN DOE**, an unknown individual,<br><br>    Defendants. | Case No. 3:20-cv-01878-JR<br><br>**ORDER ADOPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATION** |

Ashley A. Marton and Rebecca Cambreleng, Cambreleng & Marton LLC, 3518 S Corbett Avenue, First Floor, Portland, OR 97239. Attorneys for Plaintiff.

Mallory R. Beebe, Portland City Attorney's Office, 1221 SW Fourth Avenue, Room 430, Portland, OR 97204. Attorney for Defendant City of Portland.

Karen M. O'Kasey, Blake H. Fry, and Carey Caldwell, Hart Wagner, LLP, 1000 SW Broadway, Suite 200, Portland, OR 97205. Attorneys for Defendant Justin D. Damerville.

**IMMERGUT, District Judge.**

  On May 23, 2023, Magistrate Judge Jolie A. Russo issued her Findings and

Recommendation ("F&R"), ECF 67, recommending that Defendant Justin D. Damerville's

Motion for Summary Judgment, ECF 44, should be granted as to Plaintiff Marie Tyvoll's

PAGE 1 – ORDER

("Plaintiff") First Amendment claim and otherwise denied, and that Defendant City of Portland's Motion for Summary Judgment, ECF 45, should be granted as to Plaintiff's intentional infliction of emotional distress ("IIED") and *Monell* claims and otherwise denied. The F&R recommends that Plaintiff's claim of a Fourth Amendment violation based on excessive use of force against Defendant Damerville, as well as a state law assault and battery claim against Defendant City of Portland, should be allowed to proceed to trial. ECF 67 at 8, 10, 17. Defendant Damerville and Defendant City of Portland (collectively, "Defendants") filed objections to the F&R, ECF 69; ECF 70, to which Plaintiff responded, ECF 74. This Court has reviewed de novo the portion of the F&R to which Defendants objected. For the following reasons, the Court ADOPTS in part and REJECTS in part Judge Russo's F&R, as clarified in this Order.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Defendants object to Judge Russo's finding that there are disputed material facts that preclude summary judgment as to Plaintiff's Fourth Amendment claim and related assault and

PAGE 2 – ORDER

battery claim. ECF 69 at 4; ECF 70 at 6. Defendant Damerville also objects to Judge Russo's recommendation that summary judgment as to Plaintiff's Fourth Amendment claim based on qualified immunity should be denied. ECF 69 at 7. Finally, Defendant Damerville objects to Judge Russo's recommendation that summary judgment be denied as to Plaintiff's claim for punitive damages. *Id.* at 11.

This Court has carefully reviewed the relevant evidence submitted in support of Defendants' motions, as well as Plaintiff's evidence submitted in opposition. *See generally* ECF 46; ECF 47; ECF 48; ECF 61; ECF 66. This evidence includes a video of the incident. *See* ECF 48-1, Ex. 9. After review, this Court agrees with Judge Russo's finding that material disputed facts preclude summary judgment on Plaintiff's Fourth Amendment claim as well as Defendant Damerville's affirmative defense of qualified immunity.

This Court finds that the video does not clearly support a finding, as Defendants contend, that Plaintiff "pushed against" and "swatted at" Defendant Damerville in such a way as to render his use of force reasonable as a matter of law. ECF 70 at 5. The video does not clearly show the beginning of the encounter between Defendant Damerville and Plaintiff, and each party provides a different account of how the interaction began. According to Defendant Damerville, he directed the crowd to move back and "began to physically direct the crowd," when Plaintiff, ignoring his clear commands, "swung" at him. ECF 43 at ¶¶ 5–14. According to Plaintiff, Defendant Damerville "violently pushed [her] backwards" before attempting to grab her phone and, eventually, spraying her at close range with pepper spray. ECF 61-1, 19–23. The reasonableness of Defendant Damerville's use of pepper spray depends, in large part, on the nature of the beginning of the interaction between Defendant Damerville and Plaintiff. Based on the evidentiary record before this Court, a factfinder could find that Defendant Damerville

PAGE 3 – ORDER

encountered active resistance from Plaintiff and responded with reasonable force. But this Court finds that a factfinder viewing the evidentiary record could also find that Plaintiff was engaged only in passive resistance and that Defendant Damerville's actions were unreasonable. Thus, this Court cannot, at this stage and on the current evidentiary record, enter judgment in Defendant Damerville's favor as a matter of law.

Nor can this Court, on the present evidentiary record, find that Defendant Damerville is entitled to qualified immunity as a matter of law. Ninth Circuit caselaw clearly establishes that use of various crowd control measures, including pepper spray, in the face of only passive resistance constitutes an unlawful use of force. *See Nelson v. City of Davis*, 685 F.3d 867, 882 (9th Cir. 2012) (collecting cases). Accordingly, the issue of whether Defendant Damerville's actions violated a clearly established constitutional right turns on the nature of the interaction between Plaintiff and Defendant Damerville, an interaction which this Court has already found is subject to a genuine dispute of material fact. Accordingly, this Court adopts Judge Russo's recommendation as to Plaintiff's Fourth Amendment claim.

Defendant City of Portland argues that the F&R incorrectly recommended denying summary judgment as to Plaintiff's battery claim against Defendant City of Portland because there is no dispute of material fact regarding Defendant Damerville's intent in committing the alleged battery. ECF 70 at 6–7. Defendant City of Portland is correct that "[a]n assault and battery involves more than an intentional act" in that "[t]here must be the intent to injure." *Cook v. Kinzua Pine Mills Co.*, 207 Or. 34, 48 (1956). Injury, however, is construed not necessarily as an intent to cause *physical* injury, but as an intent to cause *legal* injury. *Id.* "The . . . legal injury of a battery claim is nonconsensual or offensive touching." *Stone v. Finnerty*, 182 Or. App. 452, 460 (2002) (citation omitted). In other words, to sustain a claim of battery, Plaintiff must show

that Defendant Damerville acted with intent to cause harmful or offensive contact. *See Bakker v. Baza'r Inc.*, 275 Or. 245, 249 (1976). Viewing the evidence in the record in the light most favorable to Plaintiff, this Court finds that a trier of fact could find that Defendant Damerville deployed his pepper spray with the intent to cause harmful contact with Plaintiff. Accordingly, this Court adopts Judge Russo's recommendation as to Plaintiff's battery claim.

Finally, this Court considers Defendant Damerville's objection to Judge Russo's recommendation that summary judgment be denied as to Plaintiff's demand for punitive damages. A plaintiff claiming punitive damages in a 1983 action must show that the defendant's conduct "was driven by evil motive or intent, or . . . involved a reckless or callous indifference to the constitutional rights of others." *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993). Defendant Damerville moved for summary judgment on Plaintiff's claim for punitive damages, arguing that Plaintiff could not present any factual evidence that Damerville acted with the requisite intent. ECF 44 at 12. Plaintiff, who is represented by counsel, failed to address Defendant Damerville's argument in her summary judgment briefing. *See generally* ECF 60; *see also* ECF 67 at 17 (finding that Plaintiff "[did] not address [Defendant Damerville's punitive damages] argument in her response.").

"[A] district court is 'not required to comb the record to find some reason to deny a motion for summary judgment[.]'" *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1998). If there is evidence in the record to support a finding that there is a genuine dispute of material fact regarding the issue of punitive damages, Plaintiff has failed to identify that evidence with any specificity. *See id.* at 1031 ("[A] district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers

PAGE 5 – ORDER

with adequate references so that it could conveniently be found."); s*ee also Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (finding that the plaintiff abandoned her claims by not raising them in opposition to the defendant's motion for summary judgment). Accordingly, this Court grants Defendant Damerville's motion for summary judgment as to Plaintiff's claims for punitive damages.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Russo's F&R to which Defendants objected. Judge Russo's F&R, ECF 67, is ADOPTED in part and REJECTED in part. This Court GRANTS Defendant Damerville's Motion for Summary Judgment, ECF 44, as to Plaintiff's First Amendment claim and Plaintiff's claim for punitive damages, and DENIES Defendant Damerville's Motion as to Plaintiff's Fourth Amendment claim. This Court GRANTS Defendant City of Portland's Motion for Summary Judgment, ECF 45, as to Plaintiff's IIED claim and *Monell* claims, and DENIES Defendant City of Portland's Motion for Summary Judgment as to Plaintiff's battery claim. This Court DISMISSES Defendant John Doe.

**IT IS SO ORDERED**.

DATED this 30th day of August, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – ORDER