**Karen O'Kasey**, OSB No. 870696
E-mail: kok@hartwagner.com
**Taylor B. Lewis**, OSB No. 164263
E-mail: tbl@hartwagner.com
**HART WAGNER LLP**
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

<u>Of Attorneys for Defendant</u>
<u>Justin D. Damerville</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARIE TYVOLL**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PORTLAND**, a municipal corporation; **JUSTIN D. DAMERVILLE**, an individual; and **JOHN DOE**, an unknown individual, <br><br> Defendants. | No. 3:20-cv-01878-IM <br><br> **DEFENDANT DAMERVILLE'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON QUALIFIED IMMUNITY** <br><br> TRIAL: November 12, 2024 <br> TIME:   9:00 a.m. <br> The Honorable Karin J. Immergut |

**MOTION**

Pursuant to Fed. R. of Civ. P. 50(a), defendant Justin Damerville ("defendant" or "Damerville") moves this Court for judgment as a matter of law against Plaintiff's excessive force claim. This Motion is supported by the legal argument below and testimony and evidence offered during plaintiff's case-in-chief.

/ / /

/ / /

Page 1 – DEFENDANT DAMERVILLE'S MOTION FOR DIRECTED VERDICT ON QUALIFIED IMMUNITY

## LEGAL STANDARDS

A district court can grant a Rule 50(a) motion for judgment as a matter of law if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Krechman v. County Riverside*, 723 F.3d 1104, 1109 (9th Cir. 2013). "When deciding whether to grant a Rule 50(a) motion, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015).

Fed. R. of Civ. P. 50(a) allows a defendant to move for judgment as a matter of law on qualified immunity grounds once the plaintiff "has been fully heard on the issue," *i.e.*, when a plaintiff rests their case. *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1114 (9th Cir. 2017) (officer moved for judgment as a matter of law on qualified immunity grounds before jury's deliberation); *Burton v. Town of Littleton*, 426 F.3d 9, 12 (1st Cir. 2005) (affirming district court's grant of motion for judgment as a matter of law issued at the close of plaintiff's case-in-chief).

## LEGAL ARGUMENT

The doctrine of qualified immunity shields officers from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). In determining whether an officer is entitled to qualified immunity, the Court applies two tests: (1) whether the officer violated a plaintiff's constitutional right; or (2) whether the right was clearly established. *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011).

In *Pearson*, the court made clear that the trial court has "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. Plaintiff "bears the burden of proof that the right allegedly violated was clearly established at the time of the alleged misconduct." *Romero v. Kitsap Cnty*, 931 F.2d 624, 627 (9th Cir. 1991).

Page 2 – DEFENDANT DAMERVILLE'S MOTION FOR DIRECTED VERDICT ON QUALIFIED IMMUNITY

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

Damerville is entitled to judgment as a matter of law because there were no cases as of September 28, 2020, establishing that a police officer commits a constitutional violation by using pepper spray after a citizen swats at an officer after being directed to move back. The cases plaintiff previously cited in her prior briefing do not so hold.

*Headwaters Forest Defense v. County of Humboldt*, 276 F.3d 1125, 1128 (2002) involved officers who used pepper spray on protestors "and then refused to give them water to wash out their eyes, in order to force the protestors to release themselves from the 'black bears.'"

The other cases plaintiff cited did not involve the use of pepper spray or situations where a plaintiff swatted at a police officer. *Nelson v. City of Davis*, 685 F.3d 867, 874 (9th Cir. 2012) involved allegations that officers fired "pepperballs" from between 45 to 50 feet away toward a group of individuals who did not disperse after police ordered them to do so. *Rice v. Morehouse*, 989 F.3d 1112, 1117 (9th Cir. 2021) was decided *after* the events at issue here and involved a "scrum" between police and the plaintiff, who alleged that police used excessive force against him during a traffic stop and did not involve the use of pepper spray. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013) involved allegations that an officer tazed the plaintiff who had stopped moving and made no threatening gestures. *Davis v. City of Las Vegas*, 478 F.3d 1048, 1051 (9th Cir. 2007) involved allegations that an officer slammed the plaintiff's head into a wall several times, pinned him against the floor, and punched him in the face, all while the plaintiff was handcuffed. *Mattos v. Agarano*, 661 F.3d 433, 437 (9th Cir. 2011) involved allegations that one officer used a taser multiple times on the plaintiff while another officer held the plaintiff's arm behind her back, and dragged her out of her vehicle.

Lastly, in *Thomas v. Dillard*, 818 F.3d 864, 892 (9th Cir. 2016), another case previously cited by plaintiff, the court upheld the lower court's finding that the defendant officer was entitled to qualified immunity. *Thomas* involved allegations that a police officer tased the plaintiff after he put his hands up but refused to get on his knees. *Id.* at 873. None of these cases clearly put Damerville on notice that his specific conduct would violate plaintiff's constitutional rights. Since

Page 3 – DEFENDANT DAMERVILLE'S MOTION FOR DIRECTED VERDICT ON QUALIFIED IMMUNITY

HART WAGNER LLP
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

it is now undisputed that plaintiff swatted at Sgt. Damerville before he used pepper spray, he is entitled to qualified immunity and judgment in his favor.

## CONCLUSION

The Court should grant judgment as a matter of law because Damerville is entitled to qualified immunity.

DATED this 14th day of November, 2024.

HART WAGNER, LLP

By: */s/ Karen O'Kasey*
Karen O'Kasey, OSB No. 870696
kok@hartwagner.com
Taylor B. Lewis, OSB No. 164263
tbl@hartwagner.com
Of Attorneys for Defendant Justin D. Damerville

Trial Attorney: Karen O'Kasey, OSB No. 870696

**Page 4 – DEFENDANT DAMERVILLE'S MOTION FOR DIRECTED VERDICT ON QUALIFIED IMMUNITY**

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2024, I served the foregoing **DEFENDANT DAMERVILLE'S MOTION FOR DIRECTED VERDICT ON QUALIFIED IMMUNITY** on the following parties at the following addresses:

| | |
|---|---|
| Ashley A. Marton<br>Rebecca Cambreleng<br>Cambreleng & Marton LLC<br>3518 S Corbett Avenue<br>Portland, Oregon 97239<br>ashley@workplacelawpdx.com<br>rebecca@workplacelawpdx.com<br>   *Of Attorneys for Plaintiff* | Mallory R. Beebe<br>Daniel Simon<br>Deputy City Attorney<br>Portland City Attorney's Office<br>1221 SW 4th Ave., Rm. 430<br>Portland, OR  97204<br>mallory.beebe@portlandoregon.gov<br>dan.simon@portlandoregon.gov<br>   *Of Attorneys for Defendant*<br>   *City of Portland* |
| Alina M. Salo<br>Salo Law LLC<br>3518 S. Corbett Ave<br>Portland, OR 97239<br>alina@salolawoffice.com<br>   *Of Attorneys for Plaintiff* | |

by electronic means through the Court's Case Management/Electronic Case File system.

                                                     */s/ Karen O'Kasey*
                                                      Karen O'Kasey

Page 1 – CERTIFICATE OF SERVICE

**HART WAGNER LLP**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Facsimile: (503) 222-2301**