# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARIE TYVOLL**, | Case No. 3:20-cv-1878-IM |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| **CITY OF PORTLAND**, a municipal corporation; and **JUSTIN D. DAMERVILLE**, an individual, | |
| Defendants. | |

READ this 14th day of November, 2024.

*Read to jury*
*11/14/2024*

_____
Karin J. Immergut
United States District Judge

## TABLE OF CONTENTS

INSTRUCTION 1: DUTY OF JURY .......................................................................................... 2

INSTRUCTION 2: CONDUCT OF THE JURY ........................................................................ 3

INSTRUCTION 3: CLAIMS AND DEFENSES ........................................................................ 6

INSTRUCTION 4: BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE ......... 8

INSTRUCTION 5: WHAT IS EVIDENCE ................................................................................ 9

INSTRUCTION 6: WHAT IS NOT EVIDENCE ..................................................................... 10

INSTRUCTION 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE .................................... 12

INSTRUCTION 8: RULING ON OBJECTIONS ..................................................................... 13

INSTRUCTION 9: CREDIBILITY OF WITNESSES .............................................................. 14

INSTRUCTION 10: IMPEACHMENT EVIDENCE – WITNESS ........................................... 16

INSTRUCTION 11: EXPERT OPINION ................................................................................. 17

INSTRUCTION 12: Claim One: SECTION 1983 CLAIM Against Defendant Damerville –
ELEMENTS ............................................................................................................................. 18

INSTRUCTION 13: Claim One: SECTION 1983 CLAIM Against Defendant Damerville –
EXCESSIVE FORCE ............................................................................................................... 20

INSTRUCTION 14: Claim Two: BATTERY CLAIM Against Defendant City of Portland –
ELEMENTS ............................................................................................................................. 23

INSTRUCTION 15: AFFIRMATIVE DEFENSE TO BATTERY: JUSTIFICATION ............. 24

INSTRUCTION 16: FAILURE TO FOLLOW DIRECTIONS OF A PARK OFFICER ............ 25

INSTRUCTION 17: CAUSATION ........................................................................................... 26

INSTRUCTION 18: DAMAGES ............................................................................................. 27

INSTRUCTION 19: NOMINAL DAMAGES .......................................................................... 28

INSTRUCTION 20: NO DUPLICATIVE DAMAGES ............................................................ 29

DELIBERATIONS AND RETURN OF VERDICT .................................................................. 30

INSTRUCTION 21: DUTY TO DELIBERATE ....................................................................... 31

INSTRUCTION 22: EVIDENCE IN ELECTRONIC FORMAT .............................................. 32

INSTRUCTION 23: COMMUNICATION WITH COURT DURING DELIBERATIONS ........ 34

INSTRUCTION 24: RETURN OF VERDICT ......................................................................... 35

## INSTRUCTION 1
## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

The Jury will be provided with one or more sets of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## INSTRUCTION 2
## CONDUCT OF THE JURY

Because you must decide this case based only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Thus, except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, Instagram, TikTok, YouTube, X (formerly known as Twitter), Snapchat, LinkedIn, Reddit, BeReal, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way

about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

PAGE 4 – FINAL JURY INSTRUCTIONS

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. The witnesses took an oath to tell the truth, and the accuracy of their testimony was tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

PAGE 5 – FINAL JURY INSTRUCTIONS

**INSTRUCTION 3**
**CLAIMS AND DEFENSES**

I will now summarize the positions of the Parties. This summary is not evidence.

Plaintiff Marie Tyvoll brings two claims. First, Plaintiff Tyvoll claims that Defendant Justin Damerville, a Portland police officer, used excessive force during a protest in Kenton Park on September 28, 2020, in violation of her rights under the Fourth Amendment to the U.S. Constitution by spraying her with pepper spray. Second, Plaintiff Tyvoll brings a claim of Battery against Defendant City of Portland based on the alleged conduct of its employee, Defendant Damerville. Plaintiff Tyvoll must prove these claims by a preponderance of the evidence.

Plaintiff Tyvoll argues that, as a result of the alleged conduct of Defendants, she suffered damages in the amount of $100,000. Plaintiff Tyvoll must prove any damages by a preponderance of the evidence.

Defendants deny Plaintiff Tyvoll's claims. Defendant Damerville denies using any unreasonable force and claims that all of his actions were reasonable under the circumstances. Defendant City of Portland

raises an affirmative defense to the claim that Damerville's conduct was a battery, asserting that it was justified under the circumstances. Defendant must prove its affirmative defense by a preponderance of the evidence. Plaintiff Tyvoll denies that the force was justified.

# INSTRUCTION 4
# BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

Plaintiff must prove her claims and damages, and the City must prove its affirmative defense, by a preponderance of the evidence.

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION 5
## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are

consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that were admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

# INSTRUCTION 6
# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, may say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that was excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be

considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION 7
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION 8
## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question may have been answered, or the exhibit may have been received. If I sustained the objection, the question could not be answered, and the exhibit could not be received. If I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and directed that you disregard or ignore that evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

# INSTRUCTION 9
# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

PAGE 15 – FINAL JURY INSTRUCTIONS

## INSTRUCTION 10
## IMPEACHMENT EVIDENCE – WITNESS

Any evidence that a witness has given conflicting evidence or lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

# INSTRUCTION 11
# EXPERT OPINION

You have heard testimony from Spencer Fomby, who testified about his opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of the witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION 12
## CLAIM ONE: SECTION 1983 CLAIM AGAINST DEFENDANT DAMERVILLE – ELEMENTS

The Fourth Amendment protects "the right of the people to be secure" from "unreasonable searches and seizures." A seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force.

Plaintiff brings her claim of an alleged violation of her Fourth Amendment rights based on the use of excessive force under a federal statute, 42 U.S.C. § 1983. This statute provides that any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or the laws of the United States shall be liable to the injured party.

In order to prevail on a § 1983 claim against Sgt. Damerville, the Plaintiff must prove by a preponderance of the evidence each of the following:

(1)    The Defendant acted under color of state law.

(2)    The act of the Defendant deprived the Plaintiff of particular rights under the United States Constitution, as explained in the following instruction,

(3)    The Defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Defendant Damerville was acting under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements the Plaintiff is required to prove under Instruction 13, your verdict should be for the Plaintiff. If, on the other hand, you find that the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant on Claim One.

PAGE 19 – FINAL JURY INSTRUCTIONS

## INSTRUCTION 13
## CLAIM ONE: SECTION 1983 CLAIM AGAINST DEFENDANT
## DAMERVILLE – EXCESSIVE FORCE

A police officer's use of force in making a lawful arrest, or in defending himself or others, is unreasonable under the Fourth Amendment if the police officer uses *excessive* force under the circumstances. Therefore, to establish a claim of excessive force in this case, Plaintiff must prove by a preponderance of the evidence that Sgt. Damerville used excessive force when he pepper-sprayed Plaintiff.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Keep in mind that an officer is not required to use the least amount or type of force possible; whether the officer could have hypothetically used less painful, less injurious, or more effective force is not the issue. What the law requires is that they act reasonably under the totality of the circumstances as they existed at the time.

Although the facts known to Defendant Damerville are relevant to your inquiry, his subjective intent or motive is not relevant to your inquiry.

To determine whether an officer's use of force was objectively reasonable under the circumstances, you may consider the following, in addition to any other factors you find relevant:

1.     The nature of the crime or other circumstances known to the officer at the time force was applied;

2.     Whether Plaintiff posed an immediate threat to the safety of the officer or to others;

3.     The amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

4.     The relationship between the need for the use of force and the amount of force used;

5.     The extent of the Plaintiff's injury;

6.     Any effort made by the officer to temper or limit the amount of force;

7.     The severity of the security problem at issue;

8.     Whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given; and

9.     The City's interest in creating a safe zone for officers to carry out their law enforcement duties.

# INSTRUCTION 14
# CLAIM TWO: BATTERY CLAIM AGAINST DEFENDANT CITY OF PORTLAND – ELEMENTS

Plaintiff claims that Defendant the City of Portland, through Defendant Damerville, committed a battery. In order to prove this claim, Plaintiff must prove by a preponderance of the evidence each of the following:

(1)    That Defendant Damerville intended to cause harmful or offensive contact with the plaintiff; and

(2)    Damerville's actions directly or indirectly caused a harmful or offensive contact with the plaintiff.

Intent to commit a battery means either: (1) the actor desired to cause the consequence of his actions; or (2) the actor believed that the consequences were substantially certain to result from his actions.

Damerville was an employee or agent of the Defendant City of Portland, acting within the scope of his employment and duties. As a result, the City of Portland is the party that would be liable for any battery that may have been committed by him.

## INSTRUCTION 15
## AFFIRMATIVE DEFENSE TO BATTERY: JUSTIFICATION

Defendant City of Portland has raised the affirmative defense of justification to Plaintiff's claim of battery. That is, Defendant City of Portland claims that Sgt. Damerville was justified in pepper-spraying Plaintiff to carry out his law-enforcement duties. If this defense is proved by a preponderance of the evidence, then it is sufficient to defeat Plaintiff's battery claim.

A police officer is justified in using physical force so long as the force exerted by the officer against plaintiff was no more than reasonably necessary under the circumstances to accomplish the officer's law enforcement duties.

## INSTRUCTION 16
## FAILURE TO FOLLOW DIRECTIONS OF A PARK OFFICER

A person may not refuse or fail to obey the reasonable directions of

a Park Officer. Police officers are considered to be Park Officers when

engaged in their official duties in a Park. A direction of a Park Officer is

reasonable if it is reasonably related to protection of the health, welfare

or safety of the person or of any other person in the Park or to the

prevention of damage to property, or if it is reasonably necessary to

preserve the peace or to prevent the disruption of any organized activity

or permitted event in the Park.

## INSTRUCTION 17
## CAUSATION

Plaintiff claims that Defendants' conduct caused her injury. The defendant's conduct is a cause of the plaintiff's injury if the injury would not have occurred when and as it did but for that conduct; conversely, the defendant's conduct is not a cause of the plaintiff's injury if that injury would have occurred when and as it did without that conduct.

Many factors may operate either independently or together to cause an injury; in such a case, each may be a cause of the injury. You may find that the defendant's conduct caused the injury even though it was not the only cause. In deciding whether the defendant's conduct is a cause of the plaintiff's injury, you are not to consider whether that conduct was more important or less important than any other factor in causing the injury.

# INSTRUCTION 18
## DAMAGES

It is the duty of the Court to instruct you about the types and measures of damages you may potentially award. By instructing you on damages, the Court is by no means suggesting the party for whom you should render your verdict. The Court is simply advising you on what to consider regarding damages if you do find for Plaintiff.

If you find for Plaintiff, you must determine her damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages mean the amount of money which will reasonably and fairly compensate Plaintiff for any injury you find was caused by the Defendants. You should consider the mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

## INSTRUCTION 19
## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages. If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**INSTRUCTION 20**
**NO DUPLICATIVE DAMAGES**

You are instructed that you cannot award duplicative damages on multiple claims. You can only compensate Plaintiff one time for any injury. In other words, you cannot award damages for the same injury on more than one of Plaintiff's claims.

# DELIBERATIONS AND RETURN OF VERDICT

## INSTRUCTION 21
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION 22
## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer will be available to you in the jury room.

A court technician will show you how to operate the computer and how to locate and view the exhibits on the computer. You will also be provided with a paper list and paper copies of all exhibits received in evidence. If you need additional equipment or supplies or if you have questions about how to operate the computer or any other equipment, you may send a note to the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court

technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

## INSTRUCTION 23
## COMMUNICATION WITH COURT DURING DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will communicate with any member of the jury on anything concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION 24
## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached

unanimous agreement on a verdict, your presiding juror should complete

the verdict form according to your deliberations, sign and date it, and

advise the Courtroom Deputy that you are ready to return to the

courtroom.